**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-00075-DDD-STV

ELLIS MOSHER,

     Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

     Defendant.

_____

**ORDER**

_____

Chief Magistrate Judge Scott T. Varholak

This civil action comes before the Court on Plaintiff's Second Motion for Civil Pro Bono Representation D.C.Colo.L.Atty.R.15 (the "Motion") [#15]  Plaintiff, proceeding pro se, filed the instant action on January 7, 2026.  [#1]  Following its review of the Motion, the case file, and the applicable law, this Court **DENIES** the Motion, without prejudice, for the reasons stated below.

The determination of whether to appoint counsel in a civil case is left to the sound discretion of the district court.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual and legal issues, and the [litigant's] ability to investigate the facts and present his claims."  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted).  Under Local Rule of Practice 15(f)(1)(B), the Court applies the following factors and considerations in reviewing a motion for appointment of counsel in

a civil action: 1) the nature and complexity of the action; 2) the potential merit of the *pro se* party's claims; 3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and 4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.  D.C.COLO.LAttyR 15(f)(1)(B).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned."  *Id.* (quoting *McCarthy*, 753 F.2d at 839).

This Court has considered Plaintiff's request for appointed counsel in light of the factors identified in *Hill* and D.C.COLO.LAttyR 15(f)(1)(B).  Upon review of the Motion and the Complaint, it does not appear that Plaintiff's claims present particularly complex issues.  [*See generally* #1]  Importantly, this case remains at the very early stages of litigation as Defendant has not yet appeared in this case, there is no answer or response to Plaintiff's Complaint, and no Scheduling Order has been entered.  Given the early stages of litigation, the Court cannot evaluate the merits of Plaintiff's claim.  Additionally, Plaintiff has not sufficiently demonstrated whether he has exhausted other avenues for retaining counsel, such as by contacting a legal aid or educational clinic.

Given these factors, and in particular given the early stage of this case, the Court cannot conclude that the interest of justice would be served by appointment of civil counsel at this time.  If, as the case develops, the merits or complexity of the case become clearer, Plaintiff may renew his request. Accordingly, **IT IS ORDERED** that

2

Plaintiff's Motion [#15] is **DENIED WITHOUT PREJUDICE**.   The Clerk of Court is directed to mail Plaintiff a copy of this Order.

DATED:  January 22, 2026                    BY THE COURT:

                                            s/Scott T. Varholak
                                            Chief United States Magistrate Judge